## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol Vanerka Stephens, | Case No. 19-cv-1689 (ECT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Stephen Stephens, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Carol Vanerka Stephens' Complaint, [Docket No. 1], as well as, her Application [IFP] to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the reasons below, the Court recommends (1) dismissing this action without prejudice for lack of subject matter jurisdiction, and (2) denying the IFP Application as moot.

**I.  BACKGROUND**

This case stems from a state court property dispute.  In April 2016, Plaintiff filed a petition in Minnesota state court seeking to reform a deed for certain St. Paul–based real property. See, Register of Actions, In re Stephens, No. 62-CV-16-1995 (Minn. Dist. Ct.), available at http://pa.courts.state.mn.us (last accessed Aug. 2, 2019); Stephens v. Stephens, No. A18-1208, 2019 WL 1007789, at *1 (Minn. Ct. App. Mar. 4, 2019). Under the terms of the deed, Plaintiff had an undivided one-half interest in the property; Defendant had an undivided quarter interest; and a third party (Plaintiff's daughter who is also Defendant's sister) had another undivided quarter interest. See, Stephens, 2019 WL 1007789, at *1.[1]  Through the April 2016, state court Petition, Plaintiff sought to make herself the property's sole owner. See, Id.

---

[1] For a description of the transactions leading to this, see Stephens, 2019 WL 1007789, at *1.

In that state court action, Defendant moved for summary judgment in January 2018. See, Id. at *2. Plaintiff did not file a responsive memorandum, and at a motion hearing, she failed to dispute the authenticity of various exhibits that Defendant had submitted. See, Id. The state district court issued an Order stating (among other things) that the relevant deed language was "clear and unambiguous," and that the state court "ha[d] no basis for reforming or changing the deed to the St. Paul property." See, Id. Because Plaintiff "ha[d] not met her burden [of presenting specific facts that raise a genuine issue for trial]," the state district court granted the summary judgment motion and dismissed the state court case. See, Id.

Plaintiff appealed to the Minnesota Court of Appeals, which in March 2019, affirmed the district court's grant of summary judgment. See, Id. at *3–4. Plaintiff petitioned the Minnesota Supreme Court for discretionary review, but that Court summarily denied that request on May 28, 2019. See, Id. at *1. Plaintiff then filed the present Complaint. (See, Compl., [Docket No. 1], at 1, 6).

The Complaint's main thrust is that the state district court proceedings violated Minnesota statutes in various ways. (See, Id. at 3–5). Plaintiff also generically asserts that she "was denied due process." (See, e.g., Id. at 3).

In a section of the Complaint titled "Evidence and Facts," Plaintiff refers this Court to an "addendum"; this addendum consists of 106 pages of material, including what appears to be Plaintiff's briefs to the Minnesota state courts, various exhibits, materials from the state district court proceedings, and several media articles. (See, Id. at 6; Addendum [Docket No. 1-2]). In its Request for Relief, the Complaint seeks reformation of the title for the St. Paul property, as well as, "justice in accountability, sanctions, fines and any other relief Plaintiff is entitled to from" Defendant and a variety of other people not named. (See, Compl., [Docket No. 1], at 6).

## II.   ANALYSIS

Plaintiff did not pay the filing fee for this case, but instead, she applied for *in forma pauperis* (IFP) status. (See, IFP Application [Docket No. 2]). That application is now before the Court.

Typically, such an application must be considered before taking any other action in a matter. Under Federal Rule of Civil Procedure Rule 12(h)(3), however, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." After reviewing the Complaint, the Court concludes that it lacks subject matter jurisdiction to adjudicate the claims presented here.

Plaintiff asserts that federal question jurisdiction exists in this case. (Compl., [Docket No. 1], at 2). In the portion of her Complaint asserting the basis for such jurisdiction, Plaintiff cites 28 U.S.C. § 1331; Rule 1.3 of the Local Rules for the United States District Court for the District of Minnesota; and various Minnesota statutes. (See, Id.) None of these sources provide this Court federal question subject matter jurisdiction over this action.

Under 28 U.S.C. § 1331, district courts have subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  An action "arise[s] under" federal law in two situations: (1) "federal law creates the cause of action asserted," or (2) the action presents a state-law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 136 S. Ct. 1562, 1570 (2016) (internal quotation marks omitted; alteration in Merrill Lynch) (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)); see, Martinson v. Mahube-Otwa Cmty. Action P'ship, Inc., 371 F. Supp. 3d 568, 574 (D. Minn. 2019) (quoting Grable).

With respect to the first prong of the arising-under test, the Court concludes that federal law does not create any cause of action asserted in the Complaint. The Complaint plainly does not cite

3

any substantive federal statutes. Moreover, 18 U.S.C. § 1331, does not in and of itself create subject matter jurisdiction. Stewart v. United States, No. 18-cv-1621 (RAJ-MAT), 2018 WL 6991115, at *3 n. 2 (W.D. Wash. Nov. 29, 2018), report and recommendation adopted, 2019 WL 157982 (W.D. Wash. Jan. 10, 2019); Jimenez v. Fed. Bureau of Prisons, 29 F.3d 632 (9th Cir. 1994).

As noted above, Plaintiff also points to this Court's Local Rules, but only Congress can create federal subject-matter jurisdiction, see, e.g., Kontrick v. Ryan, 540 U.S. 443, 452 (2004) (citing U.S. Const. art. III § 1), and Congress, of course, did not promulgate this District's local rules. As a result, the Local Rules cannot ground federal question jurisdiction. See, e.g., Craig v. Colvin, No. 16-cv-0351, 2016 WL 2744836, at *1 (M.D. Fla. May 11, 2016) (citing Kontrick and finding that federal district's local rule "does not provide a basis for subject-matter jurisdiction"). Furthermore, the Local Rules are only an addendum to the Federal Rules of Civil Procedure, and those rules specifically state that they "do not extend or limit the jurisdiction of the district courts . . . ." Fed. R. Civ. P. 82.

Plaintiff additionally refers to various Minnesota state statutes that she alleges were violated in the underlying state action—Minn. Stat. §§ 508.19, 508.26, 508.39, 508.40, 508.51, and 508.71. (See, Compl., Docket No. 1], at 2). However, alleged violations of *state* statutes plainly do not present a situation which creates a relevant *federal* law cause of action. See, e.g., City of Cambridge v. One Love Hous., LLC, No. 18-cv-2763 (NEB/HB), 2019 WL 1499724, at *2 (D. Minn. Apr. 5, 2019); Johnson v. Minn. Sex Offender Program Treatment Facility, No. 12-cv-1875 (DSD/LIB), 2012 WL 3848571, at *1 (D. Minn. Aug. 15, 2012), report and recommendation adopted, 2012 WL 3854977 (D. Minn. Sept. 5, 2012).

The only possible remaining basis for claiming that federal law creates a cause of action asserted in the Complaint are Plaintiff's scattered references to violations of "due process" and a passing reference in the Request for Relief where Plaintiff refers to "violations of the specific Federal

4

Constitutional laws . . . above." (Compl., [Docket No. 1], at 3–4, 6). The Court must, of course, construe pro se pleadings liberally. See, e.g., Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014). However, even where liberally construing a pro se pleading, "a mere assertion of a deprivation of a federal constitutional right is not sufficient to sustain federal jurisdiction; conclusory statements unsupported by adequate factual allegations in the complaint will not suffice." Stanturf v. Sipes, 335 F.2d 224, 229 (8th Cir. 1964); see, Walker v. Krebs, No. 18-cv-5010 (JLV), 2018 WL 2122862, at *2 (D.S.D. May 8, 2018) (quoting Stanturf); Westley v. Hennepin Cty.-4th Dist. Ct., No. 17-cv-103, 2017 WL 5957732, at *2 (D. Minn. May 2, 2017) (same); Malone v. Husker Auto Grp., Inc., No. 8-cv-3199, 2008 WL 5273670, at *4 (D. Neb. Dec. 17, 2008) (same). Although the Court must liberally construe pro se pleadings, pro se parties are nevertheless bound by applicable procedural and substantive law. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Reviewing the present Complaint, it is evident that Plaintiff's assertions of due-process violations are merely conclusory; they thus cannot establish federal subject matter jurisdiction.

Therefore, the Court concludes that, even liberally construing Plaintiff's pro se Complaint and drawing all reasonable inferences thereon in her favor, the Complaint does not meet the first prong of the arising-under test. This leaves the second prong: whether the action presents a state law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power." Merrill Lynch, 136 S. Ct. at 1570 (quoting Grable). The Court here again concludes that the Complaint fails to establish a basis for federal subject matter jurisdiction.

This second prong of arising-under jurisdiction exists "only [for] a special and small category of cases that present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases." Martinson, 371 F. Supp. 3d at 573 (quoting Great Lakes Gas

5

Transmission Ltd. P'ship v. Essar Steel Minn. LLC, 843 F.3d 325, 331 (8th Cir. 2016) (internal quotation marks and citation omitted; ellipses in Martinson). None of Plaintiff's state law claims—i.e., her claims purportedly based on violations of Minnesota real property statutes—can plausibly fit into this category.

The Court need not go through each element of the test quoted in Merrill Lynch; the analysis in this case can begin and end with substantiality. A recent published decision from this District explains what makes a federal-law issue "substantial" in the immediate sense:

> An issue of federal law is substantial when it is important to the federal system as a whole, not merely when it is significant to the particular parties in the immediate suit. For a federal interest to be substantial, it must justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues. A federal issue is more likely to be substantial if the Government has a direct interest in the availability of a federal forum to vindicate its own administrative action. A substantial federal issue is more likely to be present if a pure issue of [federal] law is dispositive of the case; fact-bound and situation-specific disputes typically do not implicate substantial federal issues. A federal issue is more likely to be substantial if its resolution will control numerous other cases. By contrast, if a particular federal issue does not arise frequently, it is unlikely to implicate substantial federal interests.

Martinson, 371 F. Supp. 3d at 574 (internal punctuation marks, alterations, and citations omitted).

Under this standard, whatever perceived federal law issues might be raised by Plaintiff's state law claims are not substantial enough to generate federal question subject matter jurisdiction. Plaintiff's disputes with the procedures used in her state court action are not critical to the federal system as a whole; there is no federal government interest at issue; this is plainly a fact-bound and situation-specific dispute; and there is no evidence that this case's outcome will affect any other cases. The Court thus concludes that subject matter jurisdiction is lacking as well under the second prong of the test for arising-under jurisdiction.

Because the Complaint fails to raise a claim that arises under federal law under either prong of § 1331's arising-under test, there is no ground for federal subject matter jurisdiction in the present

6

case. The Court's review of the Complaint finds no other plausible basis for federal subject matter jurisdiction.[2] As a result, this Court concludes that it lacks federal subject matter jurisdiction over the claims in the present case.

Thus, it is recommended that this action be dismissed without prejudice. Cty. of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004) (stating that district court should dismiss a case without prejudice where subject matter jurisdiction is lacking). Furthermore, because the Court recommends dismissing this action without prejudice, it also recommends denying the IFP Application as moot.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Complaint, [Docket No. 1], be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Dated: September 24, 2019                   s/Leo I. Brisbois
                                            Hon. Leo I. Brisbois
                                            United States Magistrate Judge

---

[2] The main types of federal subject-matter jurisdiction are federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. See, e.g., Briks v. Yeager, No. 19-cv-0001 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019). Diversity jurisdiction cannot exist in this action, for Plaintiff suggests that both she and Defendant are Minnesota citizens. (See, Compl., [Docket No. 1], at 1); E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (diversity jurisdiction requires that no defendant is citizen of state where any plaintiff is citizen).

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).